UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| QUIYATA WASHINGTON, | ) ) ) | Case No: |
| Plaintiff, | ) ) | |
| NATIONAL ACCOUNT SYSTEMS OF OMAHA, LLC, | ) ) ) ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) | |

1. This is an action for damages brought by Plaintiff, Quiyata Washington ("Plaintiff"), an individual, for Defendant National Account Systems of Omaha, LLC's ("Defendant") violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Quiyata Washington, is a natural person who at all relevant times resided in the State of Nebraska, County of Douglas, and City of Omaha.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, National Account Systems of Omaha, LLC, is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely a residential lease.

10. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. In connection with the collection of an alleged debt in default (the "Debt"), Defendant's agent and/or employee placed a call to Plaintiff's cellular telephone on July 17, 2012.

13. This July 17, 2012 conversation was Defendant's initial communication with Plaintiff in connection with the collection of the Debt.

14. During the ensuing conversation, Defendant informed Plaintiff that it was attempting to collect a debt arising from damages to an apartment that Plaintiff allegedly rented from Drake Court Apartment.

15. In response, Plaintiff requested verification of the debt including a break down of the alleged damages.

16. Defendant then abruptly ended the telephone call.

17. Defendant did not provide Plaintiff the disclosures required pursuant to 15 U.S.C. § 1692g during its initial communication with Plaintiff.

18. Moreover, Defendant failed to provide a written notice of the disclosures required pursuant to 15 U.S.C. § 1692g within five days of its initial communication.

19. In connection with the collection of the Debt, Defendant placed another call to Plaintiff's cellular phone on July 18, 2012.

20. During the ensuing conversation, Plaintiff told Defendant that she would be unable to pay the Debt at the present time.

21. In response, Defendant replied that the collection would be reported to Plaintiff's credit report.

22. As of August 27, 2012, Defendant was not reporting the Debt on Plaintiff's Experian credit report.

23. Upon information and good-faith belief, Defendant is not reporting the Debt on any of Plaintiff's credit reports.

24. Accordingly, by stating that Defendant will report on Plaintiff's credit report, Defendant threatened to take an action that was not actually intended to be taken.

25. During the July 18, 2012 conversation, Plaintiff asked Defendant if she could be granted any additional time to pay the Debt, and Defendant stated that she needed to pay the full amount at the time of the call.

26. During the July 18, 2012 conversation, Plaintiff stated that she would not be able to pay at that time.

27. Defendant then told Plaintiff that he would give her file over to the legal department.

28. According to Defendant's website, Defendant does not list a legal department, but rather indicates that it works with an "Attorney Network." https://www.nasomaha.com/services.php   (*See* Defendant's webpage, a copy of which is attached as Exhibit A)

29. Upon information and good-faith belief, Defendant does not have a "legal department."

30. Therefore, by stating that Plaintiff's file would be turned over to the legal department, Defendant threatened to take an action that was not actually intended to be taken.

31. Thereafter, Defendant continued to place calls to Plaintiff's cell phone including, but not limited to:

- July 23, 212 at 2:11 P.M.;
- August 8, 2012 at 12:32 P.M.; and
- August 9, 2012 at 1:00 P.M.

32. By stating that Plaintiff's file would be turned over to a legal department on July 18, 2012 and then attempting to collect the alleged debt thereafter, Defendant represented that an attorney was involved with all additional collection attempts made after July 18, 2012.

33. Because upon information and good-faith belief Defendant does not have a legal department, no attorney was actually involved with the collection attempts made after July 18, 2012.

34. Therefore, Defendant falsely represented the level of attorney involvement in the collection process.

## **CAUSES OF ACTION**

### **COUNT I**
### **VIOLATION OF 15 U.S.C. § 1692e(3)**

35. Plaintiff repeats and re-alleges each and every allegation contained above.

36. Defendant violated 15 U.S.C. § 1692e(3) by falsely representing the level of attorney involvement in the collection process.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(5)

37. Plaintiff repeats and re-alleges each and every allegation contained above.

38. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be

allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

39. Plaintiff repeats and re-alleges each and every allegation contained above.

40. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(a)

41. Plaintiff repeats and re-alleges each and every allegation contained above.

42. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with

the notices required by 15 U.S.C. § 1692g *et seq.*, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## **TRIAL BY JURY**

43. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 19, 2012.

                        Quiyata Washington, Plaintiff,

                        By:/s/ JD Haas
                        JD Haas, Esq., #22843
                        *JD HAAS AND ASSOCIATES, PLLC*
                        Attorneys for Plaintiff
                        10564 France Avenue South
                        Bloomington, MN 55431
                        Telephone: (952) 345-1025
                        Facsimile: (952) 854-1665
                        JDHAAS@ATTORNEYSFORCONSUMERS.COM

                  *Co-counsel with WEISBERG & MEYERS, LLC*

                        5025 N. Central Ave. #602
                        Phoenix, AZ 85012
                        Not admitted before this Court
                        ECF@ATTORNEYSFORCONSUMERS.COM